(15 Misc. Rep. 122.)

MURPHY v. McWILLIAM et al.

(Common Pleas of New York City and County, General Term. December 27, 1895.)

TRIAL—OBJECTIONS TO EVIDENCE—FAILURE TO LAY FOUNDATION.

    In an action to recover for injuries caused by the fall of a derrick, evidence of the weight of a certain stone, whose position and dimensions were shown on a diagram of the premises, and evidence that a derrick such as that used by defendant was insufficient to support a stone of that weight, was erroneously received, it not being shown that such stone was the one actually in process of hoisting at the time of the accident.

Appeal from special term.

Action by John Murphy against Robert McWilliam and others for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Abm. J. Elkus, for appellants.

Thos. M. North, for respondent.

BISCHOFF, J. For error in the reception of certain evidence, which might very clearly have prejudiced the appellants, we are constrained to reverse this judgment. The plaintiff sought to charge the defendants with an injury sustained by him through the fall of a derrick used by them in hoisting and placing stone for a certain building, upon the erection of which building plaintiff was employed, but by another contractor, and in a different class of work. In support of his case the plaintiff offered in evidence a diagram, made a few days after the accident, showing the position of a certain stone upon the scene of operations, in the course of the hoisting of which it was claimed that the derrick gave way, and the dimensions of this stone, as it appeared upon the diagram, were shown. Under objection and exception taken by the appellants upon the ground that the stone in question had not been proven to be that actually in process of hoisting at the time of the accident, a witness was permitted to testify that such a stone weighed $8\frac{1}{2}$ tons; and thereupon an expert was called by the plaintiff, who gave evidence—still under like objection and exception—that a derrick such as that used by the defendant was insufficient in strength to support a stone of that weight. At no time, although counsel had promised to connect it, was any foundation for this evidence given during the trial; and while it may be, as claimed, that, apart from the plaintiff's proof, the jury might have found an inference of negligence from the defendants' own evidence, they were certainly not bound to do so, since the matter was quite open to question; and we cannot say that this unauthorized form of proof, as given by the plaintiff, did not have an effect upon the verdict. The point was fully raised by the defendants when the plaintiff rested, and, although a nonsuit could not, upon the evidence, have well been directed at the close of the whole case, the error in the reception of the testimony noted was at no time cured, nor were the jury instructed to disregard such testimony.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.     •